# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FKA Distributing Co., LLC, d/b/a Homedics<br><br>   Plaintiff,<br><br>v.<br><br>Blulabs Brands LLC<br><br>   Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff, FKA Distributing Co., LLC d/b/a Homedics (hereinafter "Plaintiff" or "Homedics"), by and through its undersigned counsel, for its Complaint herein states as follows.

## I. PARTIES

1. Plaintiff FKA Distributing Co., LLC d/b/a Homedics is a limited liability company organized under the laws of Michigan, having a principal place of business at 3000 Pontiac Trail, Commerce Township, Michigan 48390.

2. Upon information and belief, Defendant Blulabs Brands LLC (hereinafter "Defendant" or "BluZen"), previously named Remcoda, LLC, is a Florida Corporation, having a principal place of business at 18201 Collins Avenue, Suite 4501, Sunny Isles Beach, FL 33160 with its CEO and registered agent, Remy Garson, located at 18201 Collins Avenue, Suite 4501, Sunny Isles Beach, FL 33160 as well.

1

## II.     JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

4. Upon information and belief, Defendant is subject to this Court's jurisdiction because Defendant continuously engages in substantial sales and other business transactions in this district. Defendant has sold infringing products, imported infringing products and/or committed infringing acts in this district. Furthermore, Defendant's headquarters and/or principal place of business is located in the Southern District of Florida. The United States District Court for the Southern District of Florida therefore has *in personam* jurisdiction over Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because Defendant is incorporated in Florida and has its headquarters and/or principal place of business in the Southern District of Florida.

## III.     THE INFRINGED PATENTS

6. On December 4, 2007, U.S. Patent No. 7,303,300 ("the 300 patent") titled "Methods and Systems for Illuminating Household Products" was duly and legally issued. (Exhibit A, U.S. Patent No. 7,303,300.)

7. On January 26, 2010, U.S. Patent No. 7,652,436 ("the 436 patent") titled "Methods and Systems for Illuminating Household Products" was duly and legally issued. (Exhibit B, U.S. Patent No. 7,652,436.)

8. The 300 patent and the 436 patent are collectively referred to herein as the Patents-in-Suit.

9. Homedics is the owner of all right, title, and interest in the Patents-in-Suit, including the right to sue and recover for past infringement.

10. Homedics is a leader in personal health and wellness products, including aromatherapy devices sold under its Homedics brand.

11. Upon information and belief, Defendant had knowledge of the Patents-in-Suit. Defendant is well-aware of Homedics and its products. Defendant and Homedics are also competitors for sales of certain products and/or product categories.

### IV.   COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,303,300

12. Homedics realleges the preceding paragraphs as though set forth fully herein.

13. Defendant has made, used, offered for sale, imported, and sold in the United States lighted aromatherapy diffusers, such as but not limited to the Glass Temple, the Orb, the Constellation, the Mehdi, the Rudolf, the Ultrasonic Mini Alpine Diffuser, the Alpine, the Luxe Alpine Ultrasonic Diffuser, the Flute Ultrasonic Diffuser, the Belle Wood-Look Ultrasonic Diffuser, each sold under the BluZen brand (hereinafter "Diffusers"), some of which are shown below:


14. Defendant's activities have infringed, induced others to infringe, and/or contributorily infringed the 300 patent.

15. By making, using, offering for sale, and/or selling the Diffusers in the United States, Defendant infringed at least claim 17 of the 300 patent, under at least 35 U.S.C. § 271(a), (b), and/or (c) as explained below.

16. The Diffusers were sold online at least through BluZen's website.[1] Upon information and belief, BluZen Diffusers were also sold by Macy's, T.J. Maxx, CVS Health, and/or Walgreens such as in their retail stores.

17. The Diffusers were packaged and marketed as BluZen "Oil Diffuser[s]" with "[c]olor changing warm dim hue."

18. BluZen also sold and offered for sale essential oils for use with its Diffusers. In fact, BluZen sold and offered for sale the essential oils on the same webpage as the Diffusers.

19. As shown below, the Diffusers include a container for adding water and essential oil.



---

[1] Shopbluzen.com

20. The Diffusers each include a light system disposed proximate the container and the light system is controlled by a processor for generating variable color radiation, as shown by representative images below.



21. As such, Defendant's aromatherapy Diffusers infringed at least claim 17 of the 300 patent, which states:

> 17. A system for providing illumination for a household fluid product not intended for human consumption and/or a container that contains the household fluid product, the system comprising:
> at least one light system, comprising at least one light source controllable by a processor for generating a variable color radiation, the light system disposed proximate to the container and configured to generate a selected color of the variable color radiation in response to a signal from the processor to illuminate the container and/or the household fluid product with the selected color of the variable color radiation.

22. Defendant's activities also constituted infringement of other claims of the 300 patent.

23. Plaintiff has suffered damages as a result of the infringing activities of Defendant.

24. Upon information and belief, Defendant is aware of its competitor Homedics and was aware of the 300 patent as well as its infringement thereof.

25. Even though Defendant was aware of Homedics' patent, Defendant engaged in infringement of the 300 patent. Defendant's infringement was willful, wanton, and deliberate.

26. Defendant actively induced others to infringe and has contributorily infringed the 300 patent. For example, Defendant induced or contributed to others' infringement by the instructions provided for operating its diffuser products. Defendant contributed to others' infringement by supplying its aromatherapy diffuser products that are intended to be used with essential oils.

27. On information and belief, Plaintiff expects future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery. Furthermore, Plaintiff expects that other products of the Defendant also infringed claims of the 300 patent.

## V.   COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,652,436

28. Homedics realleges the preceding paragraphs as though set forth fully herein.

29. Defendant has made, used, offered for sale, imported, and sold in the United States lighted aromatherapy diffusers, such as but not limited to the Glass Temple, the Orb, the Constellation, the Mehdi, the Rudolf, the Ultrasonic Mini Alpine Diffuser, the Alpine, the Luxe Alpine Ultrasonic Diffuser, the Flute Ultrasonic Diffuser, the Belle Wood-Look Ultrasonic Diffuser, each sold under the BluZen brand, some of which are shown below:



30. Defendant's activities have infringed, induced others to infringe, and/or contributorily infringed the 436 patent.

31. By making, using, offering for sale, and/or selling the Diffusers in the United States, Defendant infringed at least claim 6 of the 436 patent, under at least 35 U.S.C. § 271(a), (b), and/or (c) as explained below.

32. The Diffusers were sold online at least through BluZen's website.[2] Upon information and belief, BluZen Diffusers were also sold by Macy's, T.J. Maxx, CVS Health, and/or Walgreens such as in their retail stores.

33. The Diffusers were packaged and marketed as BluZen "Oil Diffuser[s]" with "[c]olor changing warm dim hue."

34. BluZen also sold and offered for sale essential oils for use with its Diffusers. In fact, BluZen sold and offered for sale the essential oils on the same webpage as the Diffusers.

35. As shown below, the Diffusers include a scent-producing facility.



---

[2] Shopbluzen.com

36. The Diffusers each include a light system disposed proximate the scent-producing facility and the light system is controlled by a processor for generating variable color radiation, as shown by representative images below.

37. As such, Defendant's aromatherapy Diffusers infringed at least claim 6 of the 436 patent, which states:

  

> 6. An apparatus, comprising:
> a scent-producing facility that includes a scent-producing product; and
> at least one light system comprising at least one light source controllable by a processor for generating radiation of one or more colors and/or one or more brightness levels, the at least one light system disposed proximate to the scent-producing facility and configured to generate at least one selected color of the radiation in response to the signal from the processor.

38. Defendant's activities also constituted infringement of other claims of the 436 patent.

39. Plaintiff has suffered damages as a result of the infringing activities of Defendant.

40. Upon information and belief, Defendant was aware of its competitor Homedics and was aware of the 436 patent as well as its infringement thereof.

41. Even though Defendant was aware of Homedics patent, Defendant has engaged in infringement of the 436 patent. Defendant's infringement was willful, wanton, and deliberate.

42. Defendant actively induced others to infringe and has contributorily infringed the 436 patent. For example, Defendant induced or contributed to others' infringement by the instructions provided for operating its diffuser products. Defendant contributed to others' infringement by supplying its aromatherapy diffuser products that are intended to be used with essential oils.

43. On information and belief, Plaintiff expects future evidentiary support for these infringement allegations will be shown upon further examination and after a reasonable opportunity for further investigation and discovery. Furthermore, Plaintiff expects that other products of Defendant also infringed claims of the 436 patent.

## VI.    DEMAND FOR RELIEF

In accordance with the foregoing, Plaintiff respectfully demands that this Court enter judgment:

A. Declaring that Defendant infringed the claims of the 300 patent and that such infringement was willful;

B. Declaring that Defendant infringed the claims of the 436 patent and that such infringement was willful;

C. Awarding Plaintiff its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees and costs and disbursements in this action; and

E. Granting to Plaintiff such other and further relief as this Court deems reasonable.

## VII. DEMAND FOR JURY TRIAL

Homedics respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Dated: February 12, 2025

Respectfully submitted,

**PERETZ CHESAL & HERRMANN, P.L**.

By: */s/ Michael B. Chesal*
 Michael B. Chesal
 Florida Bar No. 77539
 mchesal@pch-iplaw.com
 Albert Alvarez
 Florida Bar No.106859
 aalvarez@pch-iplaw.com
 Peretz Chesal & Hermann, P.L.
 1 S.E. 3rd Avenue, Suite 1820
 Miami, FL 33131
 Tel: (305) 341-3000

 *Attorneys for Plaintiff*